UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MAXIMO AUGUSTIN-DeJESUS,

                       Plaintiff,

        - against -

NEW YORK STATE TROOPER
ROBERT YOUNG and NEW YORK STATE
TROOPER MARC GARRISON,

                       Defendants.
------------------------------------------------------------x

05 Cv. 04948 (CLB)

*Memorandum and Order*

Brieant, J.

      Before the Court in this Fourth Amendment case is a motion for summary judgment (Doc. 27) filed by Defendants. Plaintiff claims that he was arrested without probable cause on March 20, 2004, and he brings this action pursuant to 42 U.S.C. § 1983 against the defendant police officers, seeking compensatory and punitive damages for a violation of the Fourth and Fourteenth Amendments, and adds state law claims for false arrest and malicious prosecution. The litigation has been terminated as to all originally named Defendants except Robert Young.

      The following facts are either undisputed or presumed true for purposes of this motion only. On the morning of March 20, 2003, Plaintiff was walking in New York near 110th Street and 3rd Avenue and encountered his friend Julian Melendez, traveling in a 1993 Astro van with darkly tinted windows. He agreed to accompany his friend to Connecticut to visit a relative and sat in the passenger seat of the car. Near exit 4 of Highway I-684 in Westchester County, the vehicle operated by Melendez was stopped by a New York State Trooper for a traffic infraction.

1

While walking back to his patrol car to prepare and issue a speeding ticket, Trooper Young looked into the interior of the van and observed a large number of boxes containing videotapes and/or DVD's. He observed in plain view a DVD for a recent best-selling movie called "The Passion of the Christ." At the time he made his observation, he was aware that the "The Passion of the Christ" had only just been released to theaters and was not yet legitimately available on DVD or videotapes. He therefore recognized the DVD of "The Passion of the Christ" as most likely counterfeit. Following this observation, he made a closer inspection of the van and found several boxes containing what ultimately turned out to be 149 copies of videotapes and DVD's. After Melendez' license and registration were collected, Trooper Young opened the rear door of the van. There were additional videotapes located in the van. Both occupants of the van, Mr. Melendez and Plaintiff, were arrested. They were charged with violation of New York Penal Law, § 165.72 which prohibits Trademark Counterfeiting in the Second Degree as therein defined.

Plaintiff was arraigned following his arrest and remanded by the State Court.

It turned out that the Passion of the Christ videotapes and a large number of others in the van were counterfeit and bogus. On October 26, 2004, Julian Melendez pleaded guilty to Disorderly Conduct in satisfaction of the charges. He testified on his allocation that the counterfeit trademarked goods did not belong to Mr. Augustin-DeJesus and on October 26, 2004, the charges against Mr. DeJesus were dismissed, he having been admitted to bail on March 26, 2004.

The following conclusions follow from the matters presented to the Court. The traffic stop was authorized. The vehicle was being driven at a rate of 86 miles per hour in a 65 mile per hour zone according to the laser equipment directed against it by Trooper Young who was posted at the location to catch speeders. The counterfeit goods were in plain view in the van and state
law presumptions are that any contraband in the vehicle is in the possession of all persons present in the vehicle at the time. The traffic infraction was sufficient to permit a search of the vehicle and indeed, perceiving what were obviously counterfeit videotapes in plain view, since the Christ movie hadn't been released yet, was sufficient to establish probable cause and also permitted a search of the vehicle. See generally *Texas v. Brown,* 460 U.S. 730, 740 (1983). (No expectation of privacy as to materials within the vehicle which may be viewed from outside).

The decision to prosecute was not that of Trooper Young and while it is regrettable that Mr. Augustin-DeJesus has spent so much time in pretrial detention and under bail before his driver exonerated him, the arrest was none-the-less made with probable cause. Trooper Young was lawfully in a position from which the contraband could be viewed. It's unlawful status was obvious since it is widely known that movies are exploited fully at box office before lawfully trademarked copies can be made available for home use. Plaintiff does not dispute the fact that the 149 videos were in the vehicle at which he was a passenger and that they turned out to be unauthorized copies and contraband. If any were visible, it is not necessary to show that all of the boxes were open or the contraband contained therein was visible. At least "The Passion of the Christ" copies were visible and obvious contraband.

Mr. Augustin-DeJesus was in constructive possession of a large quantity of contraband in violation of New York law. It turned out later that he did not know that the contraband was in the vehicle, but this is not relevant to the issue of probable cause for his arrest.

Since there is no civil rights violation in this case, the Court has no reason to reach or consider the claim of qualified immunity asserted by the Attorney General.

The motion is granted. The Clerk shall file a final judgment.

X

    X

        X

           X

              X

SO ORDERED.

Dated: White Plains, New York
        July 7, 2006

                                                                                                       _____
                                                                                                        Charles L. Brieant, U.S.D.J.